Burke, J.
(concurring). I do not agree with the interpretation of the liability policy adopted by the majority. If the policy is construed as insuring only against negligence, I believe that in that aspect there was but one “ accident ”.
I concur for affirmance, however, on the ground that the clause incorporated into the policy by an indorsement which insured plaintiff against the liability which it assumed in its contract with the city obliged the insurer to respond and pay all claims sued on under that contract regardless of the number of “ accidents ”.
The insurance company agreed to hold the contractor harmless under this clause against all damages to person or property irrespective of any negligence on his part. Accordingly, it is immaterial to consider what was the proximate cause of the breaking of the walls which would be relevant only in a suit involving common-law liability.
The two collapses of the two separate walls flowed from the acts of construction engaged in by respondent and were hazards insured against under the contractual liability and property damage indorsement of the policy.
As each collapse was a separate event flowing from the hazard of construction for which the contractor was liable, the insurer’s liability became complete not only upon the happening of an “ accident” but upon the insured’s incurring liability to the abutting’ owners and tenants upon claims arising out of the construction operation.
The judgment should be affirmed.